IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terral Alexander, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:12-2631-RMG |
| ) | |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | **ORDER** |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 27). Plaintiff seeks an award of $7,454.08, based upon 23.75 hours of attorney's time compensated at $181.25 per hour and 34.75 hours of paralegals' time compensated at $90.63. (Dkt. No. 27-1 at 10-11). Plaintiff asserts she is entitled to an award under EAJA because the Defendant's position in the Social Security disability appeal was not substantially justified and the amount of fees requested is reasonable. Defendant opposes an award under EAJA, arguing that the Government's position was substantially justified. (Dkt. No. 28).

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in

-1-

law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

In this matter, the Court reversed the decision of the Commissioner because of the failure to evaluate the opinions of the various expert witnesses in accord with the standards of the Treating Physician Rule. 20 C.F.R. § 404.1527( c). (Dkt. No. 25 at 12-13). The duty of the Commissioner to evaluate the opinions of medical experts under the standards of the Treating Physician Rule is well established, and the Court finds that the Government is not able to carry its burden that its position in this matter was substantially justified.

The Defendant has not challenged the Plaintiff's asserted hours or rate of compensation. The Court has, however, made an independent review of the itemized Plaintiff's attorney time and rates and finds them reasonable and in accord with applicable law. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Court **GRANTS** Plaintiff's motion for attorney fees under EAJA in the amount of $7,454.08. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
March 21, 2014